NOT DESIGNATED FOR PUBLICATION

No. 122,307

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY WAYNE GRANT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed April 2, 2021. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Daryl E. Hawkins*, assistant county attorney, *Andrea Purvis*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM: Larry Grant was involved in an altercation in a junkyard that led to him being charged with aggravated battery and misdemeanor battery. He was convicted on both charges following a jury trial. The court imposed a 16-month prison sentence for the aggravated battery conviction and a 6-month jail sentence for the misdemeanor battery conviction but granted 24 months of probation.

Grant appeals his convictions, arguing that the district court erred in instructing the jury and in the verdict form.

1

*The Jury Instruction*

In Instruction No. 2, the court instructed the jury:

> "The State has the burden to prove the defendant is guilty. The defendant is not required to prove he is not guilty. You must presume that he is not guilty unless you are convinced from the evidence that he is guilty.
>
> "The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, *you should find the defendant guilty*." (Emphasis added.)

At the instruction conference Grant urged the court to substitute the word "may" for the word "should" in the last sentence of this instruction. The district court rejected this change and instructed the jury as stated above. Grant contends that the word "should" constitutes a mandate and obviates the jury's right to exercise its nullification power. He claims that an instruction stating that the jury "may find the defendant guilty" was the proper statement of the law.

Applying the familiar three-step process for evaluating a claimed jury-instruction error as stated in *State v. McLinn*, 307 Kan. 307, 317, 409 P.3d 1 (2018), we note that Grant preserved the issue for appeal by objecting at trial to the court's proposed instruction and asserting his own alternative instruction. Turning to the second step, we conclude that the court did not err in giving this instruction. With that conclusion, we need not reach the third step to determine whether the error affected the outcome of the trial.

Our Supreme Court held twice last year that an instruction identical to the one given here was legally appropriate and that a district court did not err in giving it. See

2

*State v. Galloway*, 311 Kan. 238, 252, 459 P.3d 195 (2020); *State v. Patterson*, 311 Kan. 59, 69, 455 P.3d 792 (2020).

Grant attempts to distinguish *Galloway* and *Patterson* from our current case in that in those cases the defendant did not object to the instruction at trial, while Grant did so at his trial. He points out that when no objection is raised at trial, we review using the clear error standard rather than the harmless error standard which is reserved for when the objection was raised at trial. Under the more stringent clear error standard, we will reverse only if we are *firmly convinced* that the jury would have rendered a different verdict had the error not occurred. *State v. Lowery*, 308 Kan. 1183, 1216, 427 P.3d 865 (2018). Under the more lenient harmless error standard, we will reverse only if we are *convinced* that there is no reasonable probability that the error affected the outcome of the trial. *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011). In our present case, the distinction is meaningless. We only reach this issue of prejudice if the instruction is shown to have been given in error. Here, we find no error.

Grant also argues that *Galloway* was wrongly decided. But we are bound to follow *Galloway* unless there is some indication that the Kansas Supreme Court is departing from it. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We see no such indication. This claim of error fails.

*The Verdict Form*

Over Grant's objection, the court submitted to the jury a verdict form upon which the first alternative on the issue of culpability was "guilty," followed by the alternative of "not guilty" on the following line. Grant argues that by placing the option of guilty before the option of not guilty, the verdict form undermined the presumption of innocence under the Fourteenth Amendment to the United States Constitution and violated his

fundamental right to a fair trial. We have unlimited review over the legality of this verdict form. See *State v. Johnson*, 304 Kan. 924, 931-32, 376 P.3d 70 (2016).

Grant acknowledges that our Kansas Supreme Court rejected his argument in *State v. Wesson*, 247 Kan. 639, 652-53, 802 P.2d 574 (1990), *disapproved on other grounds by State v. Rogers*, 282 Kan. 218, 144 P.3d 625 (2006), and *State v. Wilkerson*, 278 Kan. 147, 158-59, 91 P.3d 1181 (2004). Last year in *State v. Williams*, 58 Kan. App. 2d 409, 415, 471 P.3d 17, *rev. denied* 312 Kan. ___ (2020), a panel of this court noted that both this court and our Kansas Supreme Court have consistently applied the holding in *Wesson* for the past 30 years.

But Grant cites research studies that purport to show that in tests for automatic preferences, the test subjects, when asked to immediately choose between two alternatives, tended to prefer the first alternative. But unlike these test subjects, jurors are not required to immediately choose between two alternatives they have not confronted before. Over the course of a trial, beginning with voir dire, jurors are acutely aware that ultimately, after hearing all the evidence, arguments, and instructions on the law, they will be called upon to determine the defendant's guilt or innocence. Grant's argument does not undercut the holdings in *Wesson*, *Wilkerson*, and *Williams*.

Moreover, as recently as last month, the Kansas Supreme Court decided *State v. Fraire*, 312 Kan. ___, 481 P.3d 129, 136-37 ( 2021), in which the court rejected this very same claim regarding the jury verdict form. We are bound by the holding in *Fraire* and its antecedents absent an indication that our Supreme Court is departing from them. *Rodriguez*, 305 Kan. at 1144. Given the recency of *Fraire*, we see no such indication. This claim of error also fails.

Affirmed.

4